UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SAMUEL ALLEN,<br><br>Defendant. | Criminal Action No. 18-cr-284-10 (TSC) |

## OPINION AND ORDER

On September 29, 2020, then-Judge Jackson sentenced Defendant Samuel Allen to forty-seven (47) months of incarceration, followed by thirty-six (36) months of supervised release after Allen pleaded guilty to Count 1ss of the Superseding Information: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and 4-Fluoroisobutyryl Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C).  J. as to Samuel Allen at 1–3, ECF No. 553.  Conditions of his supervised release included mental health treatment, substance abuse treatment, substance abuse testing, and educational/vocational training.  *Id.* at 5.  Allen began his supervision on February 2, 2023, which is set to expire on February 1, 2026.  Def.'s Mot. Early Term. Supervised Release, ECF No. 597 at 3 ("Def.'s Mot.").  To date, he has served around twenty-nine (29) months of his supervised release.  *See id.*

On May 20, 2025, Allen moved to terminate the remainder of his supervised release under 18 U.S.C. § 3583(e)(1).  Def.'s Mot. at 1.  Neither the Probation Office nor the government oppose his motion.  For the reasons stated below, the court will GRANT Defendant's Motion.

The court may "terminate a term of supervised release and discharge [a] defendant released at any time after the expiration of one year of supervised release," 18 U.S.C. § 3583(e)(1), "after

considering the factors set forth in section," *id.* §§ 3553(a), 3583(e), and if the Court believes that terminating the Defendant's supervised release "is warranted by the conduct of the defendant released and the interest of justice." *Id.* § 3583(e)(1). The court must consider the Section 3553(a) factors if it is "denying a motion for early termination of supervised release." *United States v. Mathis-Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015). But if the reasons for granting a motion are "appropriate from the face of the record," the court need not explain its consideration of the factors. *Id*. at 1289 (quoting *Katz v. Household Intern., Inc.*, 36 F.3d 670, 673 (7th Cir. 1994)).

Here, it is clear from the face of Allen's record that early termination of supervised release is warranted. Both Allen's "conduct" while on supervision and the "interest of justice" weigh in favor of early termination. 18 U.S.C. § 3583(e)(1).

On August 5, 2024, the Probation Office filed a petition, alleging that Allen had failed to report for substance abuse testing three times, tested positive for cocaine two times, and failed to attend an intensive out-patient substance abuse treatment program. Probation Pet. at 5, ECF No. 591. At a subsequent status hearing before this court on October 22, 2024, the Probation Office reported that Allen had done a complete turnaround with compliance of his supervised release. *See generally* Def.'s Mot. 3–5. Allen successfully completed the out-patient substance abuse program and seemed committed to his sobriety, *see id.* at 3–4, and reported receiving a conditional offer of employment with the D.C. Department of Public Works*, see* Def.'s Mot., Ex. 2, ECF No. 597-2.

The court scheduled a status hearing six months out, and on April 22, 2024, Allen again appeared before the court. *See* Apr. 22, 2025, Min. Order. The Probation Office reported that Allen continued to comply with his conditions of supervised release with exemplary behavior. He successfully completed the in-patient substance abuse program and consistently tested negative

for illegal substances. *See* Def.'s Mot. at 4. The Probation Office also reported that Allen was making himself available for supervision and his temporary employment had been extended to a permanent position. As such, all parties agreed to discharge Allen's pending petition. *Id.* at 3.

Allen outlines much of this in his Motion: he continues to test negative for illegal substances, continues to attend Narcotics Anonymous meetings, and maintains regular contact with his sponsor. *Id.* at 3–4. After successfully completing the in-patient substance abuse program, Allen was hired for a four-month seasonal job at the D.C. Department of Public Works. *Id.* at 4. After Allen's supervisor explained "that at the end of the four months, the supervisor would decide which employees to keep on a permanent basis," Allen "made sure he was that employee." *Id.* He now permanently works full-time in the beautification department. *Id.*

Allen also has stable housing and the support of his mother and long-term partner. *Id.* at 5. In his free time, he volunteers with the Mayor's Office on Returning Citizen Affairs. *Id.* at 4. Though the Probation Office "terminated his therapy as successful," he continued to attend one-on-one therapy and now pays for therapy with his own insurance. *Id.* For these reasons, Allen argues that supervision is no longer needed to afford adequate deterrence or to protect the public from him. *Id.* at 5.

The court agrees, and therefore, Allen's Motion for Early Termination of Supervised Release, ECF No. 597, is GRANTED.

Date: July 10, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge